UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                    CASE NO. 3:07-cv-293-J-32TEM

SALLY S. BENSON, Personal Representative
of the Estate of James B. Simmons, Decedent,

    Defendant.
_____

## O R D E R

This case is before the Court on Defendant's Motion to Set Aside Default (Doc. #11), filed November 8, 2007. Plaintiff, the United States of America, filed a response (Doc. #16) on November, 19, 2007, consenting to the relief sought by the instant motion.

Rule 55(c), Fed. R. Civ. P., provides for an entry of default to be set aside upon a showing of good cause. The good cause standard used in setting aside an entry of default is less rigorous than the excusable neglect standard used in setting aside a default judgment. *Equal Employment Opportunity Comm'n v. Mike Smith Pontiac GMC, Inc.*, 896 F.2d 524,528 (11th Cir. 1990). The Court has discretion in deciding whether to set aside an entry of default. *Robinson v. United States*, 734 F.2d 735, 739 (11th Cir. 1984). Judgments by default are generally not favored and any doubt should be resolved in favor of permitting a hearing on the merits. *Woodbury v. Sears, Roebuck & Co.*, 152 F.R.D. 229, 236 (M.D. Fla. 1993), citing *Rasmussen v. W.E. Hutton & Co.*, 152 F.R.D. 231, 233 (N.D. Ga. 1975), citing *McGrady v. D'Andrea Elec., Inc.*, 434 F.2d 1000, 1001 (5th Cir. 1970).

The good cause standard from Rule 55(c) is not rigidly defined and varies from

situation to situation.  *Compania Interamericana Export-Import v. Compania Dominicana de Avacion*, 88 F.3d 948, 951 (11th Cir. 1996); *Heaton v. Bonacker & Leigh*, 173 F.R.D. 533, 535 (M.D. Ala. 1997).  The Eleventh Circuit has recognized that good cause is not susceptible to a precise formula, but some general guidelines are commonly applied. *Compania Interamericana*, 88 F.3d at 951.  "Courts have considered whether the default was culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense."  *Id.*  Courts have held that a good faith procedural error is not willful and is good cause for setting aside an entry of default.  *See, e.g., In re Johnson*, 1991 WL 11002465, Case Nos. 90-11663, 91-1068 (Bankr. S.D. Ga. Nov. 11, 1991) (finding good cause where counsel for defendant was under an erroneous impression as to when the response time began to run).

In the instant case, Defendant Benson, who is an attorney with the Florida Bar, but is proceeding in this matter on a *pro se* basis, submits good cause to set aside the Clerk's default exists because she was awaiting receipt of an order ruling on her motion for a sixty day extension of time to respond to complaint (*see* Doc. #11 at 1-2).  Review of the record reveals the Court granted Defendant's motion for extension of time by Endorsed Order (Doc. #8) dated August 27, 2007, which was mailed to Defendant's address of record. Defendant's contention that she was waiting for a "signed Order" reflects, perhaps, a misunderstanding of the electronic filing system used in this Court.  An endorsed order is filed electronically without a document attached.  A hard copy, however, of the electronic filing is mailed to the non-CM/ECF participant is sent via U.S. Mail to the address of record, which did happen in this case.

Under the facts in this matter, the Court finds good cause to set aside the Clerk's

default entered on November 2, 2007.

Accordingly, it is hereby **ORDERED:**

1. Defendant's Motion to Set Aside Default (Doc. #11) is **GRANTED**.

2. Defendant's Answer to Complaint and Affirmative Defenses (Doc. #13) is **DEEMED TIMELY FILED**.

**DONE AND ORDERED** at Jacksonville, Florida this __26th__ day of November, 2007.

*Thomas E. Morris*
**THOMAS E. MORRIS**
United States Magistrate Judge

Copies to counsel of record and *pro se* parties